# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CASE NO.: 1:09-cr-00078 |
| ) | |
| Plaintiff, ) | |
| ) | JUDGE JOHN R. ADAMS |
| v. ) | |
| ) | |
| THEODORE LARRY WILLIAMS, ) | **MEMORANDUM OF OPINION AND** |
| ) | **ORDER** |
| Defendant. ) | (Resolving Docs. 22, 25) |
| ) | |

This matter is before the Court on the *Motion for Sentence Reduction Under 18 U.S.C. § 3582(c)(2)* (Doc. 22) (the "Motion") filed by Defendant Theodore Larry Williams ("Williams"). The United States of America filed the *Government's Response in Opposition to Defendant's Motion for Sentence Reduction Under 18 U.S.C. § 3582(c)(2)* (Doc. 25).

For the reasons stated below, the Motion is DENIED.

## I.     BACKGROUND

A federal grand jury charged Williams with felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). Doc. 1. Pursuant to a plea agreement, Williams pled guilty. Doc. 17.

In preparation for sentencing, the United States Pretrial Services and Probation Office prepared the Presentence Investigation Report (the "PSI"). The PSI indicated Williams had a total offense level of 21 and a criminal history category of IV, therefore the advisory guideline range was 57–71 months. PSI at p. 12, ¶ 53. The Court ultimately sentenced Williams to a term of 57 months' imprisonment. Doc. 21.

After Williams' sentencing, the United States Sentencing Commission issued Amendment 821. He now seeks retroactive application of Amendment 821 to reduce his sentence to 46 months.

1

## II. LAW AND ANALYSIS

### A. Legal Standard

A defendant that has been sentenced to a term of imprisonment based on a subsequently lowered sentencing range may move the Court to reduce their term of imprisonment. 18 U.S.C. § 3582(c)(2). The lowered sentencing range in this case resulted from Amendment 821, which was made retroactive by 18 U.S.C. Appx. § 825 ("Amendment 825"). The Court must employ a two-step approach when deciding whether to reduce the defendant's sentence pursuant to a retroactive amendment. *United States v. Jones*, 980 F.3d 1098, 1107 (6th Cir. 2020) (quoting *Dillon v. United States*, 560 U.S. 817, 826–27 (2010)).

First, the Court must ensure the defendant is eligible for a sentence modification pursuant to 18 U.S.C. Appx § 1B1.10 (the "Policy Statement"). *Id.* Relevant in this case, the Policy Statement applies to Amendment 821. *See* 18 U.S.C. Appx § 1B1.10, n.7.

If the defendant is eligible, the Court is further instructed to consider the applicable 18 U.S.C. § 3553(a) factors to determine whether a reduction is warranted in light of the particular circumstances of the case. *Jones*, 980 F.3d at 1107. The section 3553(a) factors are: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the applicable sentencing guidelines range; (5) any pertinent policy statement; (6) the need to avoid unwarranted sentence disparities among

defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense. *See* 18 U.S.C. § 3553(a).

### B. Analysis

In the Motion, Williams asks the Court to reduce his sentence under Amendment 821 based on the assertion that the amendment changes his criminal history points and, as a result, the advisory range is lowered to 46–57 months as opposed to the 57–71 months that applied at the time of sentencing. Doc. 22 at p. 3. Part A of Amendment 821 created a new U.S.S.G. § 4A1.1(e) that provides:

> [a]dd 1 point if the defendant (1) receives 7 or more points under subsections (a) through (d), and (2) committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status.

At the time of sentencing, Williams' total criminal history points were eight (8). Six (6) of those points were the result of previous criminal convictions pursuant to U.S.S.G. § 4A1.1(a). PSI at pp. 6–7, ¶¶ 24–25. Two (2) additional points were added in accordance with the then-current § 4A1.1(d)[1] because the underlying offense was committed while Williams was on probation for state drug trafficking and tampering with evidence charges and parole for aggravated murder. PSI at pp. 6–7, ¶¶ 24–25. Williams now argues that the new § 4A1.1(e) would apply to adjust his guidelines range because he would not receive any additional criminal history points due to the offense taking place while he was on probation and parole, therefore his total criminal history points would be six (6) under the new calculation. Doc. 22 at p. 3. The Court finds that

---

[1] U.S.S.G. § 4A1.1(d) previously provided for "[two] points if the defendant committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status." Amendment 821 removed this language and substituted it with the new subsection (e).

Amendment 821 affects Williams' criminal history computation and he is thus eligible for consideration of a sentence reduction.

However, upon consideration of the applicable § 3553(a) factors, the Court has determined that a reduction is not warranted in light of the circumstances of Williams' case. *See Jones*, 980 F.3d at 1107. This is due to Williams' criminal history and characteristics, and the need of the sentence to promote respect for the law, afford adequate deterrence, and protect the public from future crimes. *See* 18 U.S.C. §§ 3553(a)(1), (2). While Williams does not have a lengthy criminal history, he has spent the majority of his adult life in custody, which shows he has yet to be deterred from illegal activity. He was first convicted at 18 years old for aggravated murder. PSI at p. 6, ¶ 24. Williams then spent about 20 years in prison before being arrested approximately two years after his release [while still on parole] for trafficking drugs and tampering with evidence. PSI at p. 7, ¶ 25. Then, while on both parole for the murder conviction and probation for the trafficking conviction, Williams committed the underlying offense, wherein he illegally possessed several loaded firearms. PSI at p. 4, ¶¶ 5–6. Williams' criminal history paired with the underlying conduct in this case show a pattern of behavior indicating he lacks respect for the law. At the time of sentencing, the Court considered Williams' offenses, criminal history, and characteristics, and determined that a 57-month sentence promoted respect for the law, afforded adequate deterrence, and protected the public. *See* 18 U.S.C. § 3553(a)(2).

The Court recognizes and commends Williams for his commitment to rehabilitation and the personal improvements he has made through education and good conduct while incarcerated. Docs. 22-1, 22-2. However, given the facts and after consideration of the § 3553(a) factors, the Court finds a reduction to Williams' sentence is not warranted. The Court's imposition of the

4

sentence was sufficient but not greater than necessary, and if sentenced today with a two-point reduction pursuant to Amendment 821, this Court would impose the same sentence.

### III. CONCLUSION

For the reasons stated above, the *Motion for Sentence Reduction Under 18 U.S.C. § 3582(c)(2)* (Doc. 22) is DENIED.

Date: January 30, 2025

/s/ John R. Adams
JOHN R. ADAMS
UNITED STATES DISTRICT JUDGE