UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.: 1:09-cr-00078 |
| Plaintiff, | ) ) | |
| | ) | JUDGE JOHN R. ADAMS |
| v. | ) ) | |
| THEODORE LARRY WILLIAMS, | ) | **MEMORANDUM OF OPINION AND** |
| | ) | **ORDER** |
| Defendant. | ) | (Resolving Doc. 33) |
| | ) | |

Pending before the Court is Defendant Theodore Larry Williams' *Corrected Motion for Sentence Reduction Under 18 U.S.C. § 3582(c)(2)* (Doc. 33) (the "Motion").  The Government has opposed the motion (Doc. 34).  This Court previously denied Williams' motion for a sentence reduction on January 30, 2025. Doc. 26.  However, on appeal, the parties agreed that they had improperly calculated Williams' new advisory guideline.  Accordingly, the matter was remanded for reconsideration of Williams' arguments utilized the correct guideline range.  For the reasons stated below, the Corrected Motion is DENIED.

The Court hereby incorporates its January 30, 2025 order to the extent that it details the standard for motions to reduce sentence and details Williams' eligibility.  To summarize, Williams is eligible for a reduction because his guideline range has been reduced from 46-57 months to 37-46 months.  Accordingly, the Court must engage in a review of the § 3553(a) factors with the proper amended guideline range in mind.

With respect to such an analysis, the Court previously noted

> However, upon consideration of the applicable § 3553(a) factors, the Court has determined that a reduction is not warranted in light of the circumstances of Williams' case. *See Jones*, 980 F.3d at 1107.  This is due to Williams' criminal

1

> history and characteristics, and the need of the sentence to promote respect for the law, afford adequate deterrence, and protect the public from future crimes. *See* 18 U.S.C. §§ 3553(a)(1), (2). While Williams does not have a lengthy criminal history, he has spent the majority of his adult life in custody, which shows he has yet to be deterred from illegal activity. He was first convicted at 18 years old for aggravated murder. PSI at p. 6, ¶ 24. Williams then spent about 20 years in prison before being arrested approximately two years after his release [while still on parole] for trafficking drugs and tampering with evidence. PSI at p. 7, ¶ 25. Then, while on both parole for the murder conviction and probation for the trafficking conviction, Williams committed the underlying offense, wherein he illegally possessed several loaded firearms. PSI at p. 4, ¶¶ 5–6. Williams' criminal history paired with the underlying conduct in this case show a pattern of behavior indicating he lacks respect for the law. At the time of sentencing, the Court considered Williams' offenses, criminal history, and characteristics, and determined that a 57-month sentence promoted respect for the law, afforded adequate deterrence, and protected the public. *See* 18 U.S.C. § 3553(a)(2).
>
> The Court recognizes and commends Williams for his commitment to rehabilitation and the personal improvements he has made through education and good conduct while incarcerated. Docs. 22-1, 22-2. However, given the facts and after consideration of the § 3553(a) factors, the Court finds a reduction to Williams' sentence is not warranted. The Court's imposition of the sentence was sufficient but not greater than necessary, and if sentenced today with a two-point reduction pursuant to Amendment 821, this Court would impose the same sentence.

Doc. 26 at 4-5.

Even reviewing Williams' motion with the proper amended guideline range of 37-46 months, the Court cannot find that a reduction is warranted. Williams' sentence of 57 months is necessary both to deter him and to protect the public. Accordingly, the corrected motion is DENIED.

Date: July 31, 2025             */s/ John R. Adams*
                                                              JOHN R. ADAMS
                                                              UNITED STATES DISTRICT JUDGE